UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>SUBPOENA TO<br>CHILDREN'S HOSPITAL CORPORATION | MBD No. |

**MEMORANDUM IN SUPPORT OF**
**CHILDREN'S HOSPITAL CORP.'S MOTION TO**
**QUASH SUBPOENA OR FOR A PROTECTIVE ORDER**

This is a motion to quash a subpoena for the Rule 30(b)(6) testimony of Children's Hospital Corp. for use in an out-of-state patent infringement case, *Consumers Interstate Corp. v. Staples, Inc., et al.,* Civ. A. No. 06-173 (D. Conn.).[1] The subpoena, served shortly before the close of discovery in this four-year-old case, is plainly overbroad and unduly burdensome. Consumer Interstate Corp. ("CIC"), the party serving the subpoena, is seeking to inquire about the Hospital's "interaction with W.B. Mason", one of the defendants in the case, for the past *ten years*. CIC seeks to inquire about W.B. Mason's "visits to Children's Hospital and/or review of Children's Hospital records and/or interviews of Children's Hospital personnel" for the past *ten years*. CIC also seeks information about documents the Hospital provided to W.B. Mason in connection with "establishing and/or maintaining an internet ordering account". These extremely broad areas of inquiry would impose an undue burden on the Hospital, particularly where it appears from the areas of inquiry that the information CIC is seeking ought to be discoverable from W.B. Mason itself, and where the relevance of the discovery is obscure at best. For the reasons given in this memorandum, the subpoena should be quashed, or in the alternative, the Court should grant a protective order.

---

[1] The case was consolidated with *Consumer Interstate Corp. v. W.B. Mason Co.,* Civ. A. No. 06-174 (D. Conn.).

ARGUMENT

A.   The Court Should Quash The Subpoena.

The Court is required to quash a subpoena if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). In determining whether the burden a subpoena imposes is "undue", the Court should consider the relevance or lack of relevance of the evidence sought against the burden the subpoena imposes on the witness. *See Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.,* 333 F.3d 38, 41-42 (1st Cir. 2003). The factors relevant to burden include the breadth of the request, the time period covered by the request, the particularity with which the documents are described, and the burden in fact imposed. *See Demers v. LaMontagne,* 43 Fed. R. Serv.3d 1102, 1999 WL 1627978, at *2 (D. Mass. May 5, 1999). "In addition, a non-party is given consideration regarding inconvenience and expense." *Id.* The scale clearly tips in favor of protecting the Hospital from the burden of compliance in this case.

First, we outline the burden the subpoena imposes on the Hospital. The subpoena calls for testimony regarding ten years of the Hospital's "interaction" with W.B. Mason. The Hospital's ordering function is decentralized. That is, there is no single Hospital employee responsible for ordering supplies from W.B. Mason. Indeed, even within departments of the Hospital, multiple employees are responsible for ordering. (Majdloch Decl. ¶ 2). The prospect of educating a Rule 30(b)(6) witness about all of the Hospital's "interactions" with W.B. Mason over a ten-year period is thus daunting. Similarly, there is no practical way the Hospital could educate a 30(b)(6) witness about all W.B. Mason visits to the Hospital, interviews of Hospital employees, or review of Hospital documents over that period: at present, a W.B. Mason representative visits with a member of the supply management staff approximately bi-weekly (Majdloch Decl. ¶ 3), meaning there are potentially hundreds of visits within the scope of the subpoena.

Two of the areas of inquiry noted in the subpoena are somewhat more tractable but would still impose an undue burden on the Hospital. CIC wants to question the Hospital about "the documents that [it] provided to W.B. Mason as part of establishing and/or maintaining an internet ordering account with W.B. Mason" and, more broadly, "Children's Hospital's establishing an internet ordering account with W.B. Mason." Again, these are overly broad and unduly burdensome. It would be difficult for the Hospital to educate a witness about a routine commercial matter where proper preparation would require a review of the Hospital's records over such a long time period. The Hospital's computer network is not keyword-searchable. Thus, potentially responsive electronically stored information cannot be located in any automated fashion. (Majdloch Decl. ¶ 4). It is not reasonable to ask a non-party to manually search for an unknown quantity of information spanning a ten-year period.[2] While the Hospital does have the capacity to generate a spreadsheet with an invoice history (Id.), the information it generates would no doubt be the same as the information W.B. Mason has in its own files.

We turn now to the relevance of the discovery sought to any issue in the underlying case. A review of the pleadings shows that the case is a straightforward patent infringement case. The counts of the Complaint are for direct, induced, and contributory infringement of the patent-in-suit. There is also a count for unjust enrichment that asserts that the defendants have been unjustly enriched through their infringement of the patent. (Compl. at 4-8).[3]

The patent at issue in the case is for an "internet procurement method" (Compl. ¶¶ 8-9), and presumably CIC's notion is that W.B. Mason infringed the patent by selling its products to the Hospital using an internet procurement method that is within the scope of the patent's claims. But surely W.B. Mason has whatever documents were used to establish the account with the

---

[2] While the subpoena calls for ten years of information, the Hospital's contract with W.B. Mason dates from 2003.
[3] A true copy of the Complaint in the Connecticut case (No. 06-174) is attached to this memorandum as Exhibit 1.

Hospital, and it is unclear how the Hospital's testimony could provide any more information that W.B. Mason itself could provide. Nor is there any explanation of why, of all of W.B. Mason's customers, Children's Hospital has any particular relevance to this case. In the end, if there is any relevance to the Hospital's evidence in this case, this has not been made clear to the Hospital.

Weighing the apparent lack of need for discovery from the Hospital against the substantial burden, it is clear that this subpoena ought to be quashed under Rule 45(c)(3)(A)(iv).

B.  In the Alternative, The Court Should Grant a Protective Order.

In the alternative, the Court should grant a protective order under Rule 26(c). A protective order is proper to protect a person from "undue burden or expense," and thus a protective order is proper for the reasons given above. In the event the Court does not quash the subpoena, the Hospital requests a protective order forbidding the discovery under Rule 26(c)(1)(A). If the Court does not quash the subpoena and believes that some discovery is warranted here, the Hospital respectfully requests that the Court enter an order under Rule 26(c)(1)(B) and (D) setting a reasonable time and place for the deposition, and limiting the scope of the deposition to discrete and well-identified matters that are relevant to the underlying action and that would not unduly burden the Hospital.

## CONCLUSION

For the foregoing reasons, Children's Hospital respectfully requests that the Court grant this motion, quash the subpoena issued by CIC, or in the alternative, enter a protective order that either forbids the discovery or, in the alternative, sets a reasonable time and place for the deposition and limits the scope of the deposition to discrete and well-identified matters that are relevant to the underlying action and that would not unduly burden the Hospital.

Respectfully submitted,

CHILDREN'S HOSPITAL CORP.

By its attorney:

/s/ Theodore J. Folkman
Theodore J. Folkman (BBO No. 647642)
HANIFY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
(617) 423-0400
tjf@hanify.com

Dated: July 7, 2010

## CERTIFICATE OF SERVICE

I certify that on July 7, 2010, I caused a copy of this document to be served by first-class mail, postage prepaid, on:

| | |
|---|---|
| Katherine S. Kayatta, Esq. | Michael J. McNamara, Esq. |
| Robinson & Cole LLP | Goodwin Procter LLP |
| One Boston Place | Exchange Place |
| Boston, Mass. 02108 | Boston, Mass. 02109 |

/s/ Theodore J. Folkman

568195